UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
J & J SPORTS PRODUCTIONS, INC.,

        *Plaintiff*,

      v.

LAZARO A. GOMEZ, *individually
and d/b/a Tony's Barbershop*; ANA
M. GONZALEZ, *individually and
d/b/a Tony's Barbershop*; and
ANA'S UNISEX BEAUTY SUPPLY, INC.,
*an unknown business entity d/b/a
Tony's Barbershop*,

        *Defendants*.
---------------------------------X

<u>MEMORANDUM AND ORDER</u>

18-cv-5119(KAM)(CLP)

**KIYO A. MATSUMOTO, United States District Judge:**

      On September 11, 2018, Plaintiff J & J Sports

Productions, Inc. ("Plaintiff") initiated this action against

Defendants Ana's Unisex Beauty Supply, Inc. ("Ana's Unisex"),

Ana M. Gonzalez ("Gonzalez"), and Lazaro A. Gomez ("Gomez")

(together with Gonzalez, "the Individual Defendants"), alleging

that Defendants are liable for the unlawful streaming and

displaying of Plaintiff's pay-per-view program at the business

known as Tony's Barbershop, located at 4904 7th Avenue, Brooklyn,

NY 11220 ("Tony's Barbershop"), in violation of the

Communications Act of 1934, *as amended*, 47 U.S.C. § 605 *et seq.*,

and the Cable & Television Consumer Protection and Competition

Act of 1992, *as amended*, 47 U.S.C. § 553 *et seq.*

Plaintiff served all defendants in this action. On October 15, 2018, Plaintiff filed a return of service for "Lazaro A. Gomez, individually and d/b/a Tony's Barbershop, et al.," indicating that Plaintiff served Gomez by leaving a copy of the summons and complaint with his uncle at his place of residence on September 25, 2018. (ECF No. 5, Executed Summons (Gomez).) On October 18, 2018, Plaintiff filed a return of service for "Ana's Unisex Beauty Supply Inc. s/h/a Ana's Unisex Beauty Supply, Inc.," indicating that Plaintiff served Ana's Unisex through the Secretary of State of New York on September 24, 2018. (ECF No. 6, Executed Summons (Ana's Unisex).) Lastly, on November 15, 2018, Plaintiff filed a return of service for "Ana M. Gonzalez, individually and d/b/a Tony's Barbershop," indicating that Plaintiff served Gonzalez by leaving a copy of the summons and complaint with a person of suitable age and discretion at her residence on November 9, 2018. (ECF No. 7, Executed Summons (Gonzalez).)

Defendants failed to respond to the complaint or otherwise defend this action. Upon obtaining a certificate of default, Plaintiff moved for entry of default judgment. The Court referred Plaintiff's motion for default judgment to Magistrate Judge Cheryl L. Pollack for a report and recommendation ("the R&R"). The R&R recommended that the Court: (1) grant Plaintiff's motion as to Ana's Unisex; (2) deny

Plaintiff's motion as to the Individual Defendants; (2) award
Plaintiff $2,000 in statutory damages, but no enhanced statutory
damages; and (3) deny Plaintiff's request for pre-judgment
interest.  Plaintiff filed timely objections to the R&R, arguing
that the Court should reject: (1) the R&R's finding that the
Individual Defendants should not be held liable for the unlawful
streaming of the *Program* at Tony's Barbershop; and (2) the R&R's
calculation of statutory damages and enhanced statutory damages.

    For the reasons set forth below, the Court overrules
Plaintiff's objections, adopts Magistrate Judge Pollack's Report
and Recommendation in part, and denies Plaintiff's motion for
default judgment at this time.

## Background

    Where a defendant defaults, a court must accept the
plaintiff's well-pleaded factual allegations as true and draw
all reasonable inferences in the plaintiff's favor.  *Finkel v.
Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Bricklayers & Allied
Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d
182, 187-88 (2d Cir. 2015).  The Court consequently accepts
Plaintiff's well-pleaded factual allegations as true for the
purpose of reviewing its motion for default judgment.

    Plaintiff is a distributor of sports and entertainment
programming.  (ECF No. 10-2, Affidavit of Joseph M. Gagliardi
("Gagliardi Aff."), ¶ 3.)  Plaintiff purchased and retains the

exclusive commercial exhibition licensing rights to "*Floyd Mayweather, Jr. v. Andre Berto WBA/WBC Welterweight Championship Fight Program*" (the "*Program*"), telecast nationwide on Saturday, September 12, 2015. (*Id.*) The *Program* included the fight between Floyd Mayweather, Jr. and Andre Berto, as well as all under-card bouts and color commentary encompassed by the television broadcast of the event. (*Id.*)

Plaintiff marketed sublicensing rights to the *Program* to its commercial customers. (*Id.*) Transmission of the *Program* was electronically coded or scrambled to prevent unauthorized access. (*Id.* ¶ 11.) Those customers entering into sublicensing agreements with Plaintiff could decode or unscramble the transmission. (*Id.*) Those not contracting with Plaintiff were not authorized to do so, and could only intercept and access the *Program* through illegal means, none of which can be employed "mistakenly, innocently, or accidentally." (*Id.* ¶¶ 3, 9-10 (noting that "the *Program* was legally available to commercial establishments, including those in New York, only through an agreement with Plaintiff").)

Defendant Ana's Unisex is an unknown business entity which allegedly "operates the commercial establishment doing business as Tony's Barbershop[,] located at 4904 7th Avenue, Brooklyn[,] NY 11220." (Compl. ¶ 7.) The Individual Defendants are reportedly "the individuals identified as the 'Officers,

Directors, Shareholders and/or Principals' of Ana's Unisex."
(*Id.*) "At no time did [Plaintiff] sublicense the *Program* to
[the Individual Defendants] or [Ana's Unisex]." (Gagliardi Aff.
¶ 3.) Plaintiff provided no documentation or other evidence
demonstrating that Ana's Unisex is doing business as Tony's
Barbershop, with the exception of a single photograph of Tony's
Barbershop indicating that the words "Unisex" and "Supply"
appear on the sign above its storefront.

On September 12, 2015, at approximately 8:45 p.m.,
Cosmo Lubrano ("Lubrano"), an auditor with Audit Masters,
entered Tony's Barbershop. (ECF No. 10-3, Ex. 5, Aff. of Cosmo
Lubrano ("Lubrano Aff."), at 1; *see also* Compl. ¶ 8.) Lubrano
observed Tony's Barbershop displaying an undercard bout of the
*Program*. (Lubrano Aff., at 1.) Lubrano counted two persons in
in Tony's Barbershop at that time. (*Id.*) Lubrano noted there
was a capacity for 20-25 persons, as well as two monitors,
including a large pull-down projector, on the premises. (*Id.*)
Lubrano did not identify any advertisements, promotions, cover
charges, or admission charges in connection with the event.
(*Id.* at 2.) An unidentified individual at Tony's Barbershop
told Lubrano he was "streaming the fight through the internet."
(*Id.* at 3.) The sublicense fee for the *Program* for an
establishment comparable to Tony's Barbershop would have been
$2,000. (Gagliardi Aff., ¶ 8.)

## Procedural History

Plaintiff filed its complaint in this action on September 11, 2018, alleging that Defendants violated Plaintiff's rights as the exclusive commercial distributor of the *Program*. (Compl. ¶ 3.) Specifically, Plaintiff alleged that Defendants wrongly intercepted and displayed the *Program* in violation of the Communications Act of 1934, *as amended*, 47 U.S.C. § 605 *et seq.*, and the Cable & Television Consumer Protection and Competition Act of 1992, *as amended*, 47 U.S.C. § 553 *et seq.* (*Id.* ¶ 1.)

Plaintiff served Defendants shortly thereafter and filed the executed summonses with the Court. (ECF No. 5, Executed Summons (Gomez); ECF No. 6, Executed Summons (Ana's Unisex); ECF No. 7, Executed Summons (Gonzalez).) Defendants failed to answer or otherwise respond to the complaint by the response deadlines. Plaintiff consequently requested and obtained a certificate of default as to all defendants from the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 8, Request for Certificate of Default; ECF No. 9, Certificate of Default.)

On February 22, 2019, Plaintiff moved for default judgment. (ECF No. 10, App. for Default J.) Plaintiff asked that the Court: (1) find Defendants liable for willfully and unlawfully intercepting, receiving, and exhibiting the *Program*

for commercial advantage or financial gain, in violation of 47 U.S.C. § 605; (2) award statutory damages of $6,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and enhanced statutory damages of $18,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and (3) award Plaintiff pre- and post-judgment interest at the federal statutory rate. (*Id.* at 2-3.) Plaintiff also requested costs and attorney's fees, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), but asked for 30 days from the "date the judgment becomes final to submit its Motion." (*Id.* at 3.)

The Court referred Plaintiff's motion for entry of default judgment to Magistrate Judge Cheryl L. Pollack for a report and recommendation. On June 13, 2019, Judge Pollack held an inquest hearing. (ECF No. 11, Scheduling Order.) Judge Pollack subsequently issued the R&R, recommending that the Court grant in part and deny in part Plaintiff's motion for default judgment. (ECF No. 13, R&R.) Judge Pollack recommended that the Court (1) enter default judgment against Ana's Unisex (*id.* at 9) but not against the Individual Defendants (*id.* at 12); (2) award $2,000 in statutory damages and no enhanced statutory damages (*id.* at 23); (3) deny pre-judgment interest (*id.* at 25); and (4) grant Plaintiff's request to submit its motion for costs and attorney's fees within thirty days of the date judgment becomes final (*id.*). Judge Pollack further informed the parties that they had fourteen days, or until July 25, 2019, to file

7

their objections to the R&R.  (*Id.*; *see also* ECF Docket Entry, July 11, 2019.)

On July 25, 2019, Plaintiff filed timely objections to the R&R.  (ECF No. 14, Objections to R&R ("Objs.").)  Plaintiff objected to two issues.  *First*, Plaintiff objected to Judge Pollack's recommendation that the Court deny entry of default judgment against the Individual Defendants.  (*Id.* at 7.)  *Second*, Plaintiff objected to Judge Pollack's recommendation that the Court award $2,000 in statutory damages and no enhanced statutory damages.  (*Id.* at 13.)  For the reasons set forth below, Plaintiff's objections are not persuasive and are hereby overruled.

## Legal Standard

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The standard of review applied by the district court to the magistrate judge's report and recommendation turns on whether any party files timely and proper objections.  Fed. R. Civ. P. 72(b)(2) (noting that parties may file "specific written objections to the proposed findings and recommendations" within fourteen days of being served with the report and recommendation).  Where a party makes a timely written objection to a specific portion of the report

and recommendation, the district court reviews the contested portion *de novo*. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo *any part* of the magistrate judge's disposition that has been properly objected to." (emphasis added)). The Court reviews the uncontested portions of the report and recommendation for clear error. *Lewis*, 573 F. Supp. 2d at 811; Fed. R. Civ. P. 72, Advisory Committee Notes, 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (noting that clear error exists where, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed").

## Discussion

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). *First*, a plaintiff must obtain an entry of default. *Id.* "When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention," *id.*, and the Clerk of Court must thereafter enter a default, Fed. R. Civ. P. 55(a). *Second*, once

default is entered, a plaintiff must "apply to the court for a default judgment." *Id.* 55(b)(2). Whether to grant a default judgment is "left to the sound discretion of [the] district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). The court must be mindful that a defendant's default functions as an admission of all well-pleaded factual allegations in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Yet, the Court must still ensure that "[the plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (citing *Au Bon Pain*, 653 F.2d at 65). Moreover, although the court accepts well-pleaded factual allegations as true, this does not apply to allegations related to damages, *Au Bon Pain*, 653 F.2d at 65, which the plaintiff must prove to the court with "reasonable certainty," *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

## I.   Liability

Plaintiff seeks a default judgment finding Defendants liable for violating (1) 47 U.S.C. § 605, which applies to satellite (and certain cable) transmissions, and (2) 47 U.S.C. §

553, which applies to cable transmissions. *Int'l Cablevision,*
*Inc. v. Sykes*, 75 F.3d 123 (2d Cir. 1996) (holding that both
Section 605 and Section 553 cover interception of cable
programming transmitted over a cable network).  Where both
statutes are violated, the plaintiff may recover under only one
statute, and the court should award damages under Section 605.
*Int'l Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1008-09 (2d Cir.
1993).  As the R&R found, with no objection, that Plaintiff
stated a violation of Section 605, the Court need only address
Defendants' liability under Section 605.

  a. Ana's Unisex

   The Court begins by addressing the R&R's finding that
Ana's Unisex is liable for violating Section 605.  The R&R
accepted as true Plaintiff's allegation that Ana's Unisex was
doing business as Tony's Barbershop, and consequently imposed
liability on Ana's Unisex for the unlawful exhibition of the
*Program* at Tony's Barbershop.  Plaintiff did not object.  The
Court agrees that Plaintiff's allegations state a claim under
Section 605 against Tony's Barbershop, or whichever entity
controls it.  But the Court is not satisfied that Plaintiff has
proffered sufficient proof to establish the necessary fact that
Ana's Unisex is actually doing business as Tony's Barbershop.

   As noted above, the Court generally accepts a
plaintiff's allegations as true.  But it need not do so where

the allegations are contradicted by matters properly subject to judicial notice. *Trans World Airlines, Inc. v. Hughes*, 308 F. Supp. 679, 683 (S.D.N.Y. 1969) ("Defendants may show, however, that an allegation is not well pleaded, but only in very narrow, exceptional circumstances. . . . For example, an allegation made indefinite or erroneous by other allegations in the same complaint is not a well-pleaded allegation. Other examples . . . are allegations which are contrary to facts of which the court will take judicial notice, or which are not susceptible of proof by legitimate evidence, or which are contrary to uncontroverted material in the file of the case."), *supplemented*, 312 F. Supp. 478 (S.D.N.Y. 1970), *aff'd*, 449 F.2d 51 (2d Cir. 1971) (referring to district court's default standard as "entirely correct"), *rev'd on other grounds sub nom. Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363 (1973); *Colabella v. Am. Inst. of Certified Pub. Accountants*, No. 10-CV-2291, 2011 WL 4532132, at *4 n.6 (E.D.N.Y. Sept. 28, 2011) (following *Trans World Airlines*); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

The New York State Department of State ("NYSDOS") database identifies the business address for Ana's Unisex as

4902 7th Avenue in Brooklyn, New York.  *See* Corporation and

Business Database, New York Department of State, Division of

Corporations, https://appext20.dos.ny.gov/corp_public/

CORPSEARCH.ENTITY_SEARCH_ENTRY (search "Ana's Unisex" (current

as of Sept. 27, 2019)).  The Court takes judicial notice of this

fact.  *See, e.g.*, *J & J Sports Prod., Inc. v. Leon*, No. 18-CV-

2103, 2019 WL 1320277, at *3 (E.D.N.Y. Mar. 22, 2019) (taking

judicial notice of entries listed in the NYSDOS Corporation and

Business Entity Database, as listed on the NYSDOS website); *J &

J Sports Prods. Inc. v. Inga*, No. 18-CV-2542, 2019 WL 1320278,

at *3 (E.D.N.Y. Mar. 22, 2019) (same); *Saudi v. Marine Atl.,

Ltd.*, No. 02-CV-2495, 2005 WL 8156849, at *4 (E.D.N.Y. July 1,

2005) (same).[1]

Plaintiff alleges that it "is informed and believes,

and alleges thereon that Defendant, Ana's Unisex Beauty Supply,

Inc. is an owner, and/or operator, and/or licensee, and/or

permitee, and/or person in charge, and/or an individual with

dominion, control, oversight and management of the commercial

establishment doing business as Tony's Barbershop operating at

---

[1] *See also, e.g.*, *Entral Grp. Int'l v. Sun Sports Bar Inc.*, No. 05-CV-4836(CBA), 2007 WL 2891419, at *3 (E.D.N.Y. Sept. 28, 2007) (taking "judicial notice of the fact that the Certificate of Incorporation on file with the Secretary of State for New York lists [a] 39th Avenue address for [the defendant]"); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (taking judicial notice of contents of corporate filings with SEC); *Banks v. Consumer Home Mortgage*, No. 01-CV-8058, 2003 WL 21251584, at *6 n.7 (E.D.N.Y. Mar. 28, 2003) (taking judicial notice of public record on file with Secretary of State for Georgia); Fed. R. Evid. 201.

4904 7th Avenue, Brooklyn NY 11220." (Compl. ¶ 13.) Plaintiff

seems to believe that these businesses share an address, serving

its filings on Ana's Unisex Beauty Supply, Inc., at **4904** 7th

Avenue. (*See, e.g.*, ECF No. 10, App. for Default J., at 4.)

But, as noted above, the NYSDOS lists the process address for

Ana's Unisex Beauty Supply, Inc. as **4902** 7th Avenue, an entirely

different (if neighboring) address. Thus, there appears to be a

conflict between Plaintiff's statement that Ana's Unisex is

located at 4904 7th Avenue and NYSDOS records.

The Court requires more proof of the requisite fact

that Ana's Unisex is doing business as Tony's Barbershop,

particularly because the liability of Ana's Unisex turns

entirely on Plaintiff's apparently erroneous assumption about

the interrelationship of the entities, their principals, and

their addresses. Plaintiff has not presented the certificate of

registration for Ana's Unisex indicating that it is (or, at the

time of the violation, was) doing business as Tony's Barbershop,

nor has Plaintiff provided the Court with sufficient evidence to

establish this fact.[2] The Court therefore denies entry of

---

[2] Magistrate Judge Pollack held an inquest hearing on June 13, 2019, at which
Plaintiff briefly addressed this issue. Plaintiff stated that "[t]he
principal of Tony's Barbershop is Lazaro Gomez, and at the same
establishment, there's a business known as Ana's Unisex Beauty Supply, and
Ana Gonzalez is the CEO of Ana's Unisex Beauty Supply, at that same address."
(FTR Log 07/13/19 @ 3:15:35 – 3:16:00 (emphasis added).) Magistrate Judge
Pollack then followed up, asking whether Tony's Barbershop and Ana's Unisex
were in the same location. (*Id.* at 3:16:13 – 3:16:58.) Plaintiff responded:
"Yes, Your Honor. Attached to our papers is actually a photograph of the

14

default judgment against Ana's Unisex, without prejudice, until Plaintiff provides the requisite proof to establish the necessary fact that Ana's Unisex is doing business as Tony's Barbershop. *See Au Bon Pain*, 653 F.2d at 65 ("[A] district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts . . . ."). The Court does, however, note that Plaintiff has stated a claim for violation of Section 605 against Tony's Barbershop, or whichever entity controls it, which entitles it to damages, and this finding will remain in place in the interim.

b. Individual Defendants

The Court next turns to Plaintiff's assertion of liability against the Individual Defendants. If a plaintiff establishes that a business violated Section 605, it may impose liability on the owners of the business pursuant to either (1) contributory infringement or (2) vicarious liability. *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997). Contributory copyright infringement exists where a defendant authorizes the violations at issue. *Id.* (citing *Sony*

---

storefront, and you can clearly see Tony's Barbershop. But also on the same sign is 'Unisex,' 'Supply.' It doesn't specifically identify Ana's Unisex Beauty Supply, but a search of the Department of State in New York indicates that that is the location of Ana's Unisex Beauty Supply." (*Id.* (emphasis added).) As the Court noted above, this assertion conflicts with the Department of State's information/record that Ana's Unisex is registered to 4902 7th Avenue, not 4904 7th Avenue, as Plaintiff alleges.

*Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 437
(1984)). Vicarious liability arises where a defendant has a
"right and ability to supervise [that] coalesce[d] with an
obvious and direct financial interest." *Id.* (quoting *Shapiro,
Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir.
1963) (alterations in original)).

Plaintiff seeks to hold the Individual Defendants
liable for violating Section 605 as the "Officers, Directors,
Shareholders, and/or Principals" of Ana's Unisex. (Compl. ¶ 7.)
Plaintiff alleges that "on Saturday, September 12, 2015 (the
night of the *Program* . . . ), [the Individual Defendants] had
the right and ability to supervise the activities of [Ana's
Unisex], which included the unlawful interception of Plaintiff's
*Program*." (*Id.* ¶ 8.) Plaintiff also alleges that "on Saturday,
September 12, 2015, . . . [the Individual Defendants] . . . had
the obligation to supervise the activities of Tony's
Barbershop." (*Id.* ¶ 9.) Plaintiff further alleges that "[the
Individual Defendants] specifically directed or permitted the
employees of Tony's Barbershop to unlawfully intercept and
broadcast Plaintiff's *Program* at Tony's Barbershop or
intentionally intercepted, and/or published[,] the *Program* at
Tony's Barbershop themselves." (*Id.* ¶ 10.) Plaintiff alleges
that the Individual Defendants "had an obvious and direct
financial interest in the activities of Tony's Barbershop" (*id.*

16

¶ 11), and that the unlawful interception "resulted in increased profits for Tony's Barbershop" (*id.* ¶ 12).

The R&R declined to find the Individual Defendants liable. (R&R at 12.)  The R&R recognized that individual officers of a business may be held liable for violations where they authorized them (i.e., contributory infringement) or where they had a right and ability to supervise the infringing activities and had an obvious and direct financial interest in the exploitation of the copyrighted materials (i.e., vicarious liability).  (*Id.* at 9.)  However, the R&R found that Plaintiff's allegations constituted nothing more than a "formulaic recitation of the elements of a cause of action," (*id.* at 10 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), which courts in this District routinely find insufficient to establish individual liability (*id.* at 10-11 (citing *J & J Sports Prods., Inc. v. Orellana*, No. 18-CV-2052, 2019 WL 1177719, at *4 (E.D.N.Y. Mar. 13, 2019); *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505, 2016 WL 6905946 (E.D.N.Y. Nov. 23, 2016); *J & J Sports Prods., Inc. v. Monte Limar Sports Bar Inc.*, No. 15-CV-3771, 2017 WL 933079, at *3 (E.D.N.Y. Mar. 8, 2017); *J & J Sports Prods., Inc. v. Daley*, No. 06-CV-238, 2007 WL 7135707 (E.D.N.Y. Feb. 15, 2007)))).  It thus recommended that the Court not find the Individual Defendants liable for the conduct of Tony's Barbershop.  (*Id.* at 12.)

In its objections, Plaintiff recognized that there is a "split of authority in this district on the issue of whether allegations . . . similar to those [made in the complaint] support a finding of individual liability," and acknowledged that the cases cited by Magistrate Judge Pollack support her conclusion. (Objs. at 3.) Yet, "Plaintiff asked this Court to follow [an alternative] line of cases that support a finding of individual liability based on conclusory allegations that the individual defendants had supervisory control over the alleged events." *J & J Sports Prods., Inc. v. Classico Bar Inc.*, No. 16-CV-5639(ADS)(SIL), 2018 WL 1168582, at *1 (E.D.N.Y. Mar. 6, 2018). To support its argument, Plaintiff indicated that courts finding individual liability typically have done so where there were "factual allegations of close and obvious supervision." (Objs. at 4 (quoting *J & J Sports Prods. Inc. v. J & O LLC*, No. 17-CV-4180, 2018 WL 3991493, at *4 (E.D.N.Y. Aug. 21, 2018)).) Plaintiff then argued that its complaint did not set forth "generic statements of ownership or of even . . . general supervisory authority," but rather "allegations that [the Individual] Defendants had the right and ability to supervise the specific unlawful interception of the . . . *Program*," in which they had a financial interest, which should be sufficient to establish liability against the Individual Defendants. (*Id.* at 5-7.)

18

Even if Plaintiff had established that Ana's Unisex is doing business as Tony's Barbershop, which Plaintiff has not, the Court would still decline to find the Individual Defendants liable.  Plaintiff's complaint suggests that it seeks to hold the Individual Defendants liable on theories of both contributory infringement and vicarious liability.  Courts in this District have rejected allegations identical to those made by Plaintiff here as insufficient under both theories.  *See, e.g.*, *Leon*, 2019 WL 1320277, at *4; *Inga*, 2019 WL 1320278, at *6.  This is because Plaintiff's allegations "contain nothing more than conclusory language that parrots the statutory requirements, and 'legal conclusion[s] couched as . . . factual allegation[s].'"  *J & O LLC*, 2018 WL 3991493, at *5 (quoting *Iqbal*, 556 U.S. at 678 (alterations in original)); *see also, e.g.*, *LX Food Grocery Inc.*, 2016 WL 6905946, at *3.

Take, for comparison, Plaintiff's allegations against Tony's Barbershop.  Plaintiff's recitation of the elements of liability for Tony's Barbershop is enhanced by allegations supporting those elements, *e.g.*, an affidavit from an auditor indicating that Tony's Barbershop was streaming the *Program*, and an affidavit from Plaintiff's chief executive officer indicating that Tony's Barbershop was not authorized to do so.  Plaintiff's allegations against the Individual Defendants, on the other hand, merely recite the elements of individual liability with no

further factual enhancement showing that the Individual
Defendants authorized, supervised, or were present for the
infringing activities.  *Iqbal*, 556 U.S. at 678 ("A pleading that
offers 'labels and conclusions' or 'a formulaic recitation of
the elements of a cause of action will not do.'  Nor does a
complaint suffice if it tenders 'naked assertion[s]' devoid of
'further factual enhancement.'" (quoting *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 555-57 (2007)).  Indeed, despite the fact
that Lubrano visited Tony's Barbershop during the broadcast of
the *Program* and interacted with an individual on the premises at
that time, he adduced no evidence that the Individual Defendants
were present for or played any role whatsoever in the infringing
activities.  Nor are there any factual allegations establishing
that this was the case.

Moreover, Plaintiff has failed to establish that the
Individual Defendants had an "obvious and direct financial
interest" in the infringing activities.  *LX Food Grocery*, 2016
WL 6905946, at *3 (internal citation omitted).  As this Court
has previously recognized, where courts impose vicarious
liability under similar circumstances,

> the plaintiff had typically made a stronger showing of
> financial gain. In some cases, the plaintiff showed direct
> financial gain, such as a cover charge on the night of the
> event.  In other cases, the plaintiff presented strong
> indirect evidence of financial gain, such as a bar hosting
> a large number of patrons, who would presumably purchase
> drinks during the broadcast.

*Classico Bar*, 2018 WL 1168582, at \*3 (quoting *LX Food Grocery*, 2016 WL 6905946, at \*3). Many of these cases "also held that such a showing is required." *Id.* (collecting cases). Plaintiff made no such showing here.

The Court agrees with the line of cases cited and analyzed by Judge Pollack in the R&R which find conclusory allegations, like Plaintiff's in this action, insufficient to state a claim of individual liability. *See, e.g.*, *Classico Bar*, 2018 WL 1168582, at \*3 (agreeing "with those courts in this circuit that have required more than a formulaic recitation that the individual defendants exercised control over the subject premises" and collecting cases). The Court therefore overrules Plaintiff's objection and adopts the R&R's finding that the Individual Defendants are not liable for the infringing activities committed at Tony's Barbershop. *See, e.g.*, *Leon*, 2019 WL 1320277, at \*4 (finding individual officers not liable for violation where Plaintiff made allegations identical to those in this action); *Inga*, 2019 WL 1320278, at \*6 (same).

## II. Damages

Plaintiff also objects to the R&R's calculation of damages and renews its request for statutory damages of $6,000 and enhanced statutory damages of $18,000. Allegations regarding damages are not deemed admitted in the context of a default judgment. Rather, "[t]he Court must be satisfied that

Plaintiff has met the burden of proving damages to the court with 'reasonable certainty.'" *LX Food Grocery*, 2016 WL 6905946, at *2 (quoting *Credit Lyonnais Secs. (USA), Inc.*, 183 F.3d at 155). The Court finds Plaintiff's arguments unpersuasive and, if Plaintiff comes forward with evidence establishing that Ana's Unisex is doing business as Tony's Barbershop, will adopt in full the R&R's recommendation that Plaintiff be awarded $2,000 in statutory damages.

### a. Statutory Damages

In its objections, Plaintiff reasserts its request for $6,000 in statutory damages for Defendants' alleged violation of Section 605.[3] Section 605 provides for statutory damages "for each violation . . . in a sum of not less than $1,000 or more than $10,000." 47 U.S.C. § 605(e)(3)(C)(i)(II). The district court has discretion to determine where within this range to impose an award in a given action. *Time Warner Cable of N.Y.C. v. Sanchez*, No. 02-CV-5855(GBD)(FM), 2003 WL 21744089, at *3 (S.D.N.Y. July 8, 2003). As the R&R properly noted, in determining the "just" award of damages in a given case, the court should consider "the pecuniary loss sustained by the victim as a result of the offense, the financial resources of the defendant, . . . the financial needs and earning ability of

---

[3] Plaintiffs may elect to request either statutory or actual damages under Section 605. *See* 47 U.S.C. § 605(e)(3)(C).

the defendant . . . as well as the burden that a damage award would impose on the defendant relative to the burden alternative relief would impose." (R&R at 14 (quoting *Cablevision Sys. Corp. v. De Palma*, No. 87-CV-3528, 1989 WL 8165, at *6 (E.D.N.Y. Jan. 17, 1989) (internal quotation marks omitted))).

Courts in the Second Circuit "typically utilize two methodologies to calculate [statutory] damages under Section 605(e)(C)(i)(II), and base the damages award on the higher of the two totals." *LX Food Grocery Inc.*, 2016 WL 6905946, at *4 (citing *J & J Sports Prod., Inc. v. McAdam*, No. 14-CV-5461(PKC)(CLP), 2015 WL 8483362, at *4 (E.D.N.Y. Dec. 9, 2015)). One is the "flat-fee" method, under which damages equal the amount a defendant would have paid in exchange for the right to show the event legally, which typically amounts to the licensing fee for the unlawfully intercepted program. *Id.* (citing *McAdam*, 2015 WL 8483362, at *4). The other is the "per-person" method, under which damages equal the amount each patron at the violating establishment would have paid to view the event individually, multiplied by the number of patrons. *Id.* (citing *McAdam*, 2015 WL 8483362, at *4).

The R&R determined that the flat-fee method reflected the appropriate measure of damages in this action because, with just two persons identified by Lubrano in Tony's Barbershop, the per-person method would not approach the actual lost revenues to

Plaintiff.  (R&R at 19.)  As the fee for a business such as
Tony's Barbershop to sublicense the *Program* was $2,000, the R&R
recommended the imposition of $2,000 in statutory damages.
(*Id.*)  The R&R further noted that where, as here, there is no
history of repeat violations, and no evidence that Tony's
Barbershop exhibited the match for commercial gain, a $2,000
award would provide sufficient deterrence.  (*Id.* at 20.)

Plaintiff objected to the R&R on the basis that the
Court should not have employed either of the foregoing methods
of calculating damages.  (Objs. at 8.)  *First*, Plaintiff argued
that basing the statutory damages on the licensing fee
"undervalues the *Program* and fails to compensate Plaintiff
adequately."  (*Id.*)  *Second*, Plaintiff argued that basing a
statutory award on actual loss conflates the distinction between
actual damages and statutory damages under Section 605.  (Objs.
at 8-9.)  *Finally*, Plaintiff argues that a $2,000 award provides
insufficient deterrence, as it would simply put Tony's
Barbershop in the position it would have been in had it acted
lawfully.  (*Id.* at 9-12.)  Plaintiff therefore renewed its
request for $6,000 in statutory damages.  (*Id.* at 13.)  The
Court finds all of Plaintiff's arguments unavailing.

*First*, the Court disagrees with Plaintiff that it is
not adequately compensated by the award of $2,000.  This is the
exact amount of money Plaintiff would have required from a

24

commercial customer comparable to Tony's Barbershop to display the *Program*. It is truly odd for Plaintiff to allege that this sum "undervalues" the *Program*, given that it was specifically set by Plaintiff as the cost of sublicensing the *Program*. Plaintiff also cites to a case stating that unauthorized access "reduces demand and depresses the prices that [it] can charge for sublicences," *see Kingvision Pay-Per-View, Ltd. v. Jasper Grocery*, 152 F. Supp. 2d 438, 442 (S.D.N.Y. 2001), but does not provide any evidence that this occurred here. Based on the record, the Court thus has no basis to find that Plaintiff was unable to charge higher prices or suffered from lower demand than it otherwise would, and even if so, how to quantify this loss to Plaintiff.

*Second*, the Court disagrees with Plaintiff that a $2,000 award improperly conflates actual and statutory damages. Section 605 provides for actual damages as follows:

> [T]he party aggrieved may recover the *actual damages suffered by him* as a result of the violation and *any profits of the violator that are attributable to the violation* which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation.

47 U.S.C. § 605(e)(3)(C)(i)(I). Statutory damages, on the other hand, are those that the Court deems to be "just" in a given case. *Id.* § 605(e)(3)(C)(i)(II). The fact that statutory and

actual damages may be identical in a given case does not, as
Plaintiff suggests, "negate[] the purpose of having two separate
types of damages available."  (Objs. at 8-9.)  It is simply a
reflection of the fact that the "just" award of statutory
damages in this action is equivalent to actual damages.  This
may not always be the case.

     *Finally*, the Court disagrees with Plaintiff's
contention that the $2,000 award is not a sufficient deterrent.
Plaintiff has alleged no facts demonstrating that Tony's
Barbershop profited in any way from its violation.  If anything,
the evidence would establish that there was *no* advertising, *no*
cover charge or admission fee, and only *two persons* in the
establishment at the time of the *Program*.  This is far from
sufficient to demonstrate that Tony's Barbershop financially
profited from its violation.  The Court further agrees with the
R&R that the presumption that a business must have profited from
the increased traffic generated by the unlawful streaming is
less applicable to a business like Tony's Barbershop than to a
bar or restaurant.[4]  Plaintiff has proffered no theory as to how

---

[4] While the R&R acknowledged Plaintiff's argument that there is a "reasonable
presumption" that Tony's Barbershop obtained additional profits from
exhibiting the *Program*, the R&R noted this presumption more appropriately
applies to businesses such as bars, which exhibit the unauthorized
programming to encourage more customers to enter their establishment.  (R&R
at 15-16 (citing *Time Warner Cable of New York City v. Taco Rapido Rest.*, 988
F. Supp. 107, 111-12 (E.D.N.Y. 1997)).)

a barbershop, with no cover or admission charge, would profit from displaying the *Program*. The Plaintiff is therefore seeking to penalize Tony's Barbershop $2,000 for what very well may have resulted in no added profit, which certainly provides both specific deterrence to Tony's Barbershop and general deterrence to other similarly situated business faced with similar penalties for what could amount to only limited, if any, financial gain.

Overall, the circumstances of this action favor the finding that an award of $2,000 in statutory damages is just. As described above, this fully compensates Plaintiff for the amount it would have received had Tony's Barbershop paid the sublicense fee and lawfully streamed the *Program*. Moreover, there is a dearth of any evidence establishing that Tony's Barbershop profited from this violation, making a $2,000 award all the more painful and giving it more potent deterrent effect than Plaintiff ascribes to it. In light of the foregoing, the Court overrules Plaintiff's objection and adopts the R&R's finding that Plaintiff is entitled to $2,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II).

b. Enhanced Statutory Damages

Plaintiff also reasserts its request for $18,000 in enhanced statutory damages. Section 605 provides for enhanced damages of up to $100,000 "[i]n any case in which the court

27

finds that [a] violation was committed willfully and for
purposes of direct or indirect commercial advantage or financial
gain." 47 U.S.C. § 605(e)(3)(C)(ii). Whether to grant enhanced
damages remains firmly in the court's discretion. *Id.* (noting
that "the court in its discretion may increase the award of
damages, whether actual or statutory, by an amount of not more
than $100,000 for each violation"). In considering whether
enhanced statutory damages are warranted, "courts typically
consider, *inter alia*, whether there is evidence of (i) repeated
violations; (ii) significant actual damages suffered by the
plaintiff; (iii) substantial unlawful monetary gains by
defendant; (iv) defendant's advertising of the event; and (v)
defendant's collection of a cover charge or premiums for food
and drinks." *Leon*, 2019 WL 1320277, at *7 (quoting *J & J Sports
Prods., Inc. v. Big Daddy's Theme Palace*, No. 14-CV-2765, 2015
WL 58606, at *3 (E.D.N.Y. Jan. 5, 2015) (internal quotation
marks omitted)). On *de novo* review, the Court agrees with
Magistrate Judge Scanlon's conclusion that none of the foregoing
factors are supported by any evidence in the record.

The R&R noted that courts have taken varying
approaches in determining enhanced damages, with some awarding
one, two, or three times the statutory damages as enhanced
damages, and others declining to award statutory damages at all.
(R&R at 16-19.) The R&R then set forth the relevant factors a

court should consider in determining whether willful conduct warrants enhanced damages, noted above, and concluded that "Plaintiff has offered no evidence that any of these conditions have been met." (*Id.* at 22.) Moreover, the R&R indicated that "when there is no evidence of significant profit made, plaintiff's only actual damages 'are the lost licensing fee, which was already contemplated in the calculation of statutory damages.'" (*Id.* (quoting *J & J Sports Prods., Inc. v. Right Brain Rest., Inc*, No. 17-CV-1191, 2017 WL 4535928, at *5 (E.D.N.Y. Oct. 10, 2017)).) The R&R therefore recommended that the Court award Plaintiff no enhanced statutory damages. (*Id.* at 22-23 ("[T]his is a small barbershop and there were only two people watching the match when [Lubrano] made his observation. There was no evidence that a cover charge was imposed or even that food and drink were being offered. As there is no evidence provided by the plaintiff that the necessary conditions for enhanced damages have been met, the Court finds that enhanced damages are not appropriate in this case.").)

Plaintiff does not "dispute [the] basic conclusions and the absence of certain factors [as described in the R&R]." (Objs. at 12.) But it argues that "the underlying rationale that gives rise to the decision is flawed." (*Id.*) Specifically, Plaintiff cites to a case indicating that it may be difficult to obtain a defendant's financial statements and

other information relevant to the enhanced statutory damages factors in a default judgment action. (*Id.* at 12-13 (quoting *Joe Hand Promotions, Inc. v. Dang My Linh*, 2006 WL 8435988, at *2 (E.D.N.Y. Sept. 25, 2006)).) On that basis, Plaintiff "reiterate[d] its request for a 3x multiplier [based off of the presumption that it would receive $6,000 in statutory damages] as enhanced statutory damages." (*Id.* at 13.)

The circumstances of this action strongly suggest that enhanced statutory damages are not warranted. Application of the relevant factors makes this clear. *First*, Plaintiff provides no evidence of repeat violations. *Second*, Plaintiff provides no evidence of actual damages, and "[t]o the extent Defendant's failure to pay for a license constitutes 'actual damages,' that cost is already factored into Plaintiff's statutory damages award." *LX Food Grocery*, 2016 WL 36905946, at *5. *Third*, Plaintiff provides no evidence of substantial unlawful monetary gains. *Fourth*, Plaintiff provides no evidence that Tony's Barbershop advertised the event. *Finally*, Plaintiff provides no evidence of any cover charge or premiums charged for any services.

The Court acknowledges Plaintiff's objection that it is likely more difficult to obtain evidence relevant to the enhanced statutory damages factors in a default judgment action. But the burden remains on Plaintiff to establish damages to a

"reasonable certainty." None of Plaintiff's allegations do so here. If anything, the allegations reflect the *lack* of any clear financial profit or commercial advantage gained by Tony's Barbershop. The auditor's affidavit could be read to negate many of the foregoing factors, as the auditor identified only two persons in Tony's Barbershop, no cover or admission charge, and no advertising. Moreover, Plaintiff proffers no theory as to how a barbershop might have profited from unlawfully displaying the *Program* in the absence of any of the foregoing factors. This is not sufficient to meet its burden.

The Court consequently overrules Plaintiff's objection and adopts the R&R's finding that Plaintiff is entitled to no enhanced statutory damages under 47 U.S.C. § 605(e)(3)(C)(ii). *See Leon*, 2019 WL 1320277, at *7 (applying these factors under similar circumstances and concluding that enhanced statutory damages were not warranted (citing *J & J Sports Prod., Inc. v. El Ojo Aqua Corp.*, No. 13-cv-6173, 2014 WL 4700014, at *6 (E.D.N.Y. Aug. 29, 2014))).

**III. Remainder of the R&R**

No party objected to the remaining portions of the R&R. The Court therefore reviewed the remainder of the thorough and well-reasoned R&R for clear error and, finding none, concurs in both its reasoning and result, with the exception of its finding that judgment should enter against Ana's Unisex at this

time. *See, e.g.*, *CIT Bank, N.A. v. Gordon et al.*, No. 17-CV-3972(ADS)(GRB), 2019 WL 3976400, at *4 (E.D.N.Y. Aug. 22, 2019) ("[T]his Court has reviewed the remaining portions of the R&R for clear error, and, finding none, now concurs in both its reasoning and result."). As the Court noted above, the R&R's very thorough analysis demonstrates that Tony's Barbershop, or whichever entity controls it, should be held liable for violating Section 605. Yet, Plaintiff must provide the Court with proof of the necessary fact that Ana's Unisex was doing business as Tony's Barbershop to establish its liability.

## Conclusion

For the reasons stated herein, the Court hereby adopts Magistrate Judge Pollack's Report and Recommendation except for its finding that default judgment should enter against Ana's Unisex, and consequently denies Plaintiff's motion for default judgment. Plaintiff may, however, renew its motion for default judgment specifically to establish that Ana's Unisex is (or, at the time of the violation, was) doing business as or otherwise responsible for the conduct of Tony's Barbershop. If Plaintiff makes such a showing, it will be entitled to entry of default judgment against Ana's Unisex, $2,000 in statutory damages, and will have thirty (30) days to submit its request for attorney's

fees and costs.  Plaintiff shall serve a copy of this Memorandum and Order on Defendants and note service on the docket.

**SO ORDERED.**

Dated:      September 29, 2019
            Brooklyn, New York

                                    _____/s/_____
                                    HON. KIYO A. MATSUMOTO
                                    UNITED STATES DISTRICT JUDGE